LE SUEUR, Judge.
Pascal G. Phillips and Allstate Insurance Company appeal from judgments of $4,-500.00 in favor of Lionel C. Radecker for injuries sustained in an automobile accident and $465.10 in favor of Radecker’s compensation insurer for medical payments made.
On November 30, 1966, plaintiff and defendant Phillips were involved in an automobile accident in New Orleans on South Carrollton Avenue at its intersection with Panola Street. South Carollton Avenue at the scene of the accident is divided by a neutral ground, each roadway being approximately three vehicular lanes wide but not marked with lane indicators. The neutral ground lane and the next or middle lane accommodate moving traffic, while the third or sidewalk lane is used as a parking lane.
Plaintiff sought damages for pain and suffering, lost wages and property damages. He claimed that he was in the neutral ground lane going toward South Claiborne Avenue, saw traffic halted in his lane at Panola Street and applied his brakes, either coming to a stop or being virtually stopped approximately 40 feet behind the car ahead of him. He then looked into his rear view mirror, saw defendant Phillips coming and apparently not slowing down, and cut his steering wheel to the left. Plaintiff then remembered nothing until he regained consciousness in the hospital.
Phillips claimed that he was proceeding in the middle lane and that there was no traffic stopped in his lane. As he approached Panola Street, plaintiff swerved over in front of him and then tried to swerve back but his rear bumper became entangled with defendant’s left front fender and defendant was pulled into the neutral ground lane. Plaintiff’s vehicle continued onto the neutral ground where it struck a tree and defendant’s vehicle, being out of control, struck the last car in the line of stopped vehicles.
The owner of this last vehicle testified that he was stopped in the middle lane, saw plaintiff behind him and was then struck by defendant. A diagram drawn by the police officer who investigated the accident was admitted into evidence and showed traffic stopped in the middle lane of traffic.
After the accident plaintiff was taken to Baptist Hospital and from there to Touro Infirmary. Plaintiff’s doctor examined him and found contusions of the face and head, lacerations of the scalp, upper lip and bridge of the nose, a bruise or contusion of the anterior chest wall and contusions of both knees in the region of the kneecap. He was treated for cuts about the face and head sustained when his head struck and went through the windshield. He was also observed for a possible brain concussion. Plaintiff remained in the hospital from the evening of November 30 to the morning of December 3, 1966. Plaintiff remained at home approximately another week, missing a total of about a week and a half of work time.
The Travelers Insurance Company intervened in the suit alleging that they had paid $465.10 in workmen’s compensation benefits for plaintiff’s medical expenses.
The case was tried by jury and a judgment was granted in favor of plaintiff *470 against Phillips and Allstate, in solido, for $4,500.00 without itemizing specific amounts for each item of damage awarded. Judgment was also granted in favor of Travelers for $465.10.
As stated before, plaintiff testified that traffic was stopped in the neutral ground lane and that he had slowed or stopped completely in the neutral ground lane. Defendant testified that plaintiff was in the neutral ground lane, that traffic was stopped ahead of plaintiff in the neutral ground lane and that plaintiff had swerved over into the middle lane and then back again. Mr. Belsom, the driver of the last car in the line of stopped cars, testified that the cars were stopped in the middle lane and that he had seen plaintiff behind him by looking in his rear view mirror. The investigating officer’s diagram of the accident scene indicated that the traffic was stopped in the middle lane. The conflict in the testimony on this point is apparent.
The court, after reading the record, is of the opinion that the jury’s determination of liability was correct, i. e., that traffic was stopped in the neutral ground lane and that plaintiff was struck in that lane by defendant, thereby forcing plaintiff onto the neutral ground where he collided with a tree. The attorney for defendant Phillips stated that it would not be logical for Phillips to strike plaintiff if he was in the middle lane and traffic in that lane was clear. We agree with this statement but can see the possibility that Phillips misjudged the area of his “lane”, since there were no lane markings, and this mis judgment caused his vehicle to strike plaintiff’s. Although there was some testimony about brake failure, there is no substantiation of that fact in the record. The physical evidence also supports plaintiff’s version of the accident since plaintiff’s car was damaged in the rear on the right side but not on the right side near the rear as it would have been had he swerved over and struck defendant.
Defendant alternatively appeals that the quantum awarded plaintiff was excessive and that plaintiff did not prove his claim for lost wages and property damage.
Plaintiff was a self-employed route man for a soft drink firm and stated that he earned between $200.00 and $250.00 per week before expenses although he did not produce any corroborative evidence to this effect. He stated that one of the firm’s bookkeeping employees had informed him that the company had deducted $158.00 from the commissions earned on his route for the expenses of the replacement route man and helper during the period of time that plaintiff was not able to work but he did not produce any written statement to this effect nor was the employee called to testify.
Plaintiff produced evidence of the purchase price of the car when new but did not submit any estimate of cost of repairs or present value of the car. He has not, therefore, proven any of his claims for damages for lost wages or property damage.
Since we find that plaintiff has not proven any special damages and the jury did not designate specific amounts for each of the damages claimed, we must consider the total $4,500.00 award was for plaintiff’s pain and suffering.
Plaintiff was rendered unconscious as the result of his head striking and breaking the windshield and he remained in this state until after his arrival at Touro Infirmary. Plaintiff’s doctor expressed concern that plaintiff had sustained a concussion since his condition after arrival was semi-conscious, and placed him under close observation to see if any serious brain damage would manifest itself. Plaintiff recovered rapidly without any indications of brain damage, was ambulatory on December 2, and had good recall by December 3. He had three lacerations that required sutures, one on his lip, one on the bridge of his nose and one on his scalp, the longest of which was approximately one half *471 inch. Plaintiff had a contusion of the anterior chest wall as a result of striking the steering wheel. Possible internal injuries were anticipated but they did not manifest themselves. Plaintiff also had contusions on both kneecaps. When asked to comment on plaintiff’s rapid recovery, as evidenced by his leaving the hospital in three days and returning to work in approximately 10 days, Dr. McNulty stated that plaintiff was a “stoic”, “hardy” individual and had a high threshold of pain. He stated that plaintiff had sustained serious injuries but refused to be overcome by them. He stated that the headaches plaintiff claims to experience since the accident were consistent with the injuries received therein but had to concede that they could also have resulted from other non-related causes. Plaintiff also claimed residual difficulty in the form of a weak feeling in his knees but these complaints were not subject to medical evidence.
The results of jury findings are accorded great weight and should not be disturbed unless manifestly erroneous. Since the jury did not itemize specific damage awards, it is probable that the jury awarded plaintiff a generous judgment to include pain and suffering from the time of the accident through the time of trial and for the future residual difficulty in performing his work. Apparently the jury believed plaintiff’s testimony about his headaches, his knees feeling weak when he pursued his occupation and his feeling tired and the relationship of these to the accident. Although the jury award may be more generous than awards in other cases, there is no evidence that it is so great in relation to the injuries that the jury was manifestly erroneous in awarding $4,500.00 to plaintiff here.
Judgment of the district court jury in favor of Lionel C. Radecker against Phillips and Allstate Insurance Company, in solido, for $4,500.00 and the judgment in favor of The Travelers Insurance Company against Phillips and Allstate, in solido, for $465.10 is affirmed. Judgment fixing the fees of the medical experts at $100.00 each and taxing them as costs to defendants is also affirmed. All costs of this appeal are assessed against defendants.
Affirmed.